IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GREG MURPHY, individually and on behalf of all others similarly situated | § § § § § | |
| | | CIVIL ACTION NO. 1:22-cv-00135 |
| V. | § § | |
| | § | |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT and SHANNON ALLEN | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND**
**CLASS ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff GREG MURPHY, (individually "MURPHY") and on behalf of the "PROPOSED CLASS, (collectively "PLAINTIFFS" herein) in the above noted and styled Plaintiff's Original Complaint and Class Action Complaint alleging that the Beaumont Independent School District and superintendent, Shannon Allen (collectively "DEFENDANTS") violated the constitutional rights of Murphy and the PROPOSED CLASS MEMBERS in the manners and particulars more specifically addressed below. Plaintiffs reserve the right to replead if new claims and issues arise upon further development of the facts, as permitted by law. In support thereof Plaintiffs would respectfully show this tribunal the following:

## FACTUAL BACKGROUND

1.      Plaintiffs file this Original Complaint seeking just compensation under both the Texas and United States Constitutions for Premium Pay wages earned for time worked during school closures due to the COVID-19 pandemic.

2.      Plaintiffs are/were nonexempt, auxiliary workers employed by BISD during the school closures caused by the COVID-19 pandemic.   As nonexempt, essential workers, (i.e. custodians, plumbers, food service workers, electricians and support and maintenance personnel) at the time of the COVID-19 emergency school closure, which began on or about March 23, 2020, Plaintiffs were entitled to be paid Premium Pay, pursuant to BISD policy. The closure continued for months without pay being made consistent with the BISD policy

3.      Pursuant to then-existing BISD policy, the Superintendent, Defendant Shannon Allen, was directly responsible for the mandatory policy.

4.      Plaintiffs were asked to work during the school closures and took on essential roles of sanitizing the buildings, upkeeping the campus grounds, and providing meals and logistical support to allow for teachers and students to continue to teach and learn from their homes.

5.    BISD support staff also took on the role of sanitizing the buildings after a COVID-19 infection or exposure was reported.  Initially, this work had been completed by independent contractors who were provided proper PPE. BISD did not provide the same PPE to the BISD employees who were asked to perform the same service related to COVID-19.

6.    Plaintiffs were not informed that they would not be paid Premium Pay During Disasters until after they had worked during the closures. Meanwhile, the District had recommended premium pay provisions to the board so that the District could seek reimbursement for extraordinary labor costs from FEMA or other available federal sources.

## JURISDICTION AND VENUE

7.    Jurisdiction is conferred upon this Court Pursuant to 28 U.S.C.A. §1331 and §1343 because the matters in controversy arise under the Constitution and laws of the United States. Furthermore, this Court has supplemental jurisdiction over various state and common law claims pursuant to 28 U.S.C. §1367.

8.    Pursuant to 28 U.S.C. §1391 this Court is the proper Venue over this cause, as all events and omissions giving rise to Plaintiffs and members of the PROPOSED CLASS claims occurred and may be consolidated in the

Eastern District of Texas, Beaumont Division as they all reflect common issues of law and fact.

## STANDING

9.     PLAINTIFF and members of the PROPOSED CLASS In this case have standing to bring this lawsuit because they are employees of BISD entitled to Premium Pay for Disasters according to the BISD policy in effect at the time of the closure. The employee required to work during an emergency closing for a disaster is to be paid at the rate of one- and one-half times their regular rate of pay for all hours worked up to 40 hours per week. FEMA reimburses districts for the time paid to employees on this basis. To the extent overtime was worked, premium pay affected the regular rate for overtime calculations as well.

10.    Plaintiffs have suffered a collective injury in fact, caused by Defendants' wrongful conduct, specifically the intentional withholding of earned wages.  The injuries suffered by Plaintiffs as a result of Defendants' actions may be redressed by this Court.

## IMMUNITY

11.    To the extent Defendant BISD wants to claim 11th Amendment Sovereign Immunity it may not do so, as it is not eligible for such protections.

Moreover, and in any case even if it were, it may not claim the protection of sovereign immunity because the Plaintiff and members of the PROPOSED CLASS are asking only for equitable relief. *Ex Parte Young*, 209 U.S. 123 (1908). If the Defendant attacks the Plaintiff and members of the PROPOSED CLASS or attempts to deny Class Certification and it is granted, the Plaintiff and members of the PROPOSED CLASS reserve the right to amend this petition, seek damages and serve the Board Members and individual staff members. There is no qualified immunity when the government official acts in violation of a clearly established statutory or constitutional right at the time of the challenged conduct. Here, the Premium Pay for Disaster Policy was enacted BISD policy.

## **PARTIES**

12.    GREG MURPHY lives in the Beaumont Independent School District catchment area and is an employee of the district.

13. The Beaumont Independent School District is a school district organized under the laws of the State of Texas and at all times is required to follow the laws contemplated by the United States Constitution and the federal and state laws and rules promulgated thereunder. District personnel are thus responsible for the care, management and control of all public-school business within its jurisdiction; including but not limited to the

assuring the payment of fair and equal wages to all district employees according to District policy, regardless of race, status or position. They may be served by and through their Superintendent, Shannon Allen, who is also a named Defendant in this petition, at 3395 Harrison Ave., Beaumont, TX 77706.

## ADMINISTRATIVE EXHAUSTION

14. Plaintiff Murphy and members of the PROPOSED CLASS contend there are no claims in this litigation that require Administrative Exhaustion. Specifically, it is not warranted in this cause because there is an exception to the Administrative Exhaustion requirement when there is a CLASS ACTION; administrative exhaustion requirements translated into the class action context mandating that all members of a prospective class exhaust their individual administrative remedies prior to pursuing burdens the prospective class and likely will have a diminishing effect on the size of the class.

15. A grievance board does not have the jurisdiction to address class actions or the constitutional claims expressed herein. More specific to Murphy, and those persons similarly situated, an administrative hearing does not have the authority to order the Defendants Independent School District to comply with the United States Constitution nor can an internal

hearing fairly or adequately vindicate the substantive civil rights that have been violated by the district and provide the relief requested as only this Court can.

16. Accordingly, all prerequisites to suit have been met by Plaintiffs.

## INJURIES EXPERIENCED BY MURPHY and the PROPOSED CLASS

17. Plaintiff, Greg Murphy, and members of the PROPOSED CLASS have been unlawfully deprived of their right to fair and just compensation, i.e. Premium Pay, for hours worked during the COVID-19 pandemic while the schools were closed. Defendant Allen, acting on behalf of the district and under the color of state law, unlawfully and in violation of District policy, withheld Premium Pay earned by essential worker members of the PROPOSED CLASS.

18. Defendant Murphy and the PROPOSED CLASS are injured financially because they relied to their detriment on the district policy, which provided for Premium Pay to essential workers. They did not receive the expected compensation, but instead they were paid a much lower wage to which they had not agreed upon. The district policy was subsequently changed without notice and without knowledge of members of the PROPOSED CLASS.

## CLASS REQUIREMENTS

19. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth. In addition, each sentence and paragraph below, likewise incorporate by reference as if fully set forth herein, the one above it.

20. Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3), Greg Murphy, Plaintiff herein, brings forth this class action on behalf of himself and the members of the PROPOSED CLASS.

21. The exact number of the PROPOSED CLASS is not presently known, but the PROPOSED CLASS consists of all auxiliary workers and BISD support staff who worked on campus at any time during the school closures caused by the COVID -19 pandemic.

22. Plaintiff reasonably believes the PROPOSED CLASS is believed to consist of more than 100 employees. A joinder of all of such members in this lawsuit is impracticable.

23. There are common questions of law and fact in the action that relate to and affect the rights of each member of the PROPOSED CLASS that will generate common answers that will drive resolution of this action. Further, the relief sought is common to the Plaintiff and the entire PROPOSED CLASS

as all are victims of the School Board's Defendants' unconstitutional conduct. Accordingly, pursuant to Federal Rules of Civil Procedure 23(a)(2), there are questions of law and fact common to Murphy and the PROPOSED CLASS.

24. Greg Murphy, named Plaintiff herein, has claims that are typical of the Class he represents pursuant to Federal Rules of Civil Procedure 23(a)(3) because the School Board Defendants violated their rights pursuant to the Due Process Clause of the 14th Amendment to the United States Constitution. There is no conflict between the Plaintiff Murphy and any other PROPOSED CLASS members with respect to this action.

25. The Plaintiff herein is an adequate representative of the PROPOSED CLASS pursuant to Federal Rules of Civil Procedure 23(a)(4). The interests of the Plaintiff do not conflict with the interests of the PROPOSED CLASS that he seeks to represent, and the Plaintiff will fairly and adequately represent the PROPOSED CLASS. Moreover, he intends to prosecute this action vigorously. Therefore, Greg Murphy, the named Plaintiffs herein, should be appointed as representative of the PROPOSED CLASS.

26. This action is properly maintainable as a class action pursuant to Federal Rules of Civil Procedures 23(b)(a)(A) or 23(b)(1)(B) because the

prosecution of separate actions by individual members of the PROPOSED CLASS would create a risk of inconsistent or varying adjudications with respect to individual members of the PROPOSED CLASS that, as a practical matter, would be dispositive of the interests of other PROPOSED CLASS members not party to the adjudication, or would substantially impair or impede the ability of other PROPOSED CLASS members to protect their interests, or would establish incompatible standards of conduct and results for Defendants.

27. This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the PROPOSED CLASS, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the PROPOSED CLASS as a whole.

28. This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3) because questions of law and fact common to the PROPOSED CLASS predominate over individual questions for the members of the PROPOSED CLASS, and a class action is superior to other available methods for the fair and efficient adjudication of this case.

29.  There are numerous questions of law and fact common to the PROPOSED CLASS including, though not limited to, the following:

a. Whether the Defendants Independent School Board received federal funds for the disaster pay;

b. Whether the Defendants Independent School Board is required to follow the United States Constitution;

c. Whether the Defendants Independent School Board is a subdivision of the State of Texas;

f. Whether the Defendants Independent School Board has failed to follow the requisites of the 14th Amendment to the United States Constitution;

g. Whether members of the PROPOSED CLASS have been excluded from denied the benefits of the services, programs, or activities otherwise provided by the School Board of the Defendants Independent School District.

30. The named Plaintiff herein has retained counsel for himself and the PROPOSED CLASS that are experienced and capable in their field and have been recognized as knowledgeable, capable counsel who have carried out their duties.

## STATE ACTION

31. At all relevant and material times the Defendants School District was acting in its capacity as a duly organized executive agency pursuant to the Constitution of Texas, and the statutes and regulations promulgated by the State of Texas. As such, it is subdivision of government and has a duty to follow the requisites of the United States Constitution at all relevant and material times. In light of all the above, the School District Defendant was acting under the color of law when the acts and/or omissions alleged occurred.

## VIOLATIONS OF THE UNITED STATES CONSTITUTION

### A. DUE PROCESS

32. During the relevant time period contemplated by this cause of action, the Defendants Independent School District by and through its official BISD policy, in existence at the time, had an actual practice and custom of paying Premium Pay During Disasters.  Pursuant to the then existing BISD policy, the Superintendent was directly responsible for the mandatory policy. Withholding Premium Pay from Plaintiff and members of the PROPOSED CLASS, underscored in the Due Process Clause of the 14th Amendment to the United States, and such deliberate indifference to the

constitutional rights of Plaintiffs, were and continue to be a moving force in the injuries stated herein, to which the Plaintiffs and each member of the PROPOSED CLASS for which all seek equitable relief pursuant to 42 U.S.C. §1983. BISD's failure to follow its own Premium Pay for Disasters policy became an official policy or custom. BISD's policy provided a mandatory constraint on the superintendent and board's policy and required Premium Pay During Disasters. Presumably, the reason for this policy was to ensure the facilities and school campuses could have the benefit of support and maintenance staff even when the schools could not open. Even informal decisions can be adverse employment actions for purposes of imposing liability. Juarez v. Aguilar, 666 F.3d 325, 334-335 (5th Cir. [Tex.] 2011].

33. Plaintiffs seek a declaratory judgment that they are entitled to Premium Pay for Disasters consistent with BISD policy in effect at the time of the school closures associated with Covid-19.

## B. EQUAL PROTECTION

34. In addition, and in the alternative to the above, during the relevant time period contemplated by this cause of action, the Defendants Independent School District by and through its Superintendent and School Board Members  have an actual practice and custom of conscious and deliberate indifference to due process of the Plaintiff and the members of the

PROPOSED CLASS, underscored in the Equal Protection Clause of the 14th Amendment to the United States, and such deliberate indifference to the constitutional rights of Plaintiffs, were and continue to be a moving force in the injuries stated herein, to which the Plaintiffs and each member of the PROPOSED CLASS for which all seek equitable relief pursuant to 42 U.S.C. §1983.

**REQUEST FOR RELIEF**

35. Without the intervention of this Court, the PLAINTIFF and the PROPOSED CLASS, Plaintiffs herein, cannot prevent the Defendants from continuing their violations of the due process clause of the 14th Amendment to the United States Constitution, relative to the payment of earned wages by auxiliary support staff employees. In "plain English" until there is judicial intervention, the district will never pay the PROPOSED CLASS workers at the rate that existed under the BISD policy at the beginning of the COVID-19 pandemic.  Instead, defendants will continue to bully and intimidate their workers into settling for a lesser amount while hiding behind the current *post facto* policy.

36. Without the intervention of this Court, Murphy and the PROPOSED CLASS, Plaintiffs herein cannot prevent the School Board Defendants from continuing their violations of the Civil Rights Act of 1871,

relative to the deprivation of rights, privileges or immunities secured by the United States Constitution or laws by persons acting under the color of state law.   Accordingly, Murphy and the PROPOSED CLASS, Plaintiffs herein respectfully pray that the Court enter an order granting the following relief:

37. An order directing the Defendants to immediately pay the workers premium pay consistent with the Premium Pay for Disasters Policy.

38. Murphy and the PROPOSED CLASS, Plaintiffs herein request that the court appoint a Federal Judge Magistrate to offer alternative dispute resolution services in lieu of costly, time-consuming and vexatious litigation.

## DEMAND FOR A JURY TRIAL

39. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Murphy and the PROPOSED CLASS, Plaintiffs herein, pray in the manner and particulars noted above, including and especially as to the equitable relief requested; of attorney's fees and costs for the preparation and trial of this cause of action, and for its appeal if required, together with pre-and post-judgment interest

for same, and for such other relief as this Court may deem just and proper, whether at law or at equity or as to both.

Respectfully Submitted,

THE MONK LAW FIRM

*/ s/ Brandon P. Monk*

BRANDON P. MONK
State Bar No. 24048668
4875 Parker Drive
Beaumont, Texas 77705
Phone: (409) 724-6665
Fax:  (409) 729-6665
brandon@themonklawfirm.com

AND

WATTS & COMPANY, LTD

*/s/ Larry Watts*
Laurence ("Larry") Watt
State Bar No. 20981000
P.O. Box 2214
Missouri City, Texas 77459
Tel. (281) 431-1500
Fax: (877) 797-4055
Wattstrial@gmail.com

ATTORNEYS FOR PLAINTIFFS