| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

GREG MURPHY, §
§
    Plaintiff, §
§
versus § CIVIL ACTION NO. 1:22-CV-135
§
BEAUMONT INDEPENDENT SCHOOL §
DISTRICT and SHANNON ALLEN, §
§
    Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court is Defendants Beaumont Independent School District ("BISD") and Shannon Allen's ("Allen") (collectively, "Defendants") Motion to Strike and Objections to the Unsworn Declaration of Shanter Norman (#71), wherein Defendants request that this court strike Shanter Norman's ("Norman") declaration from the summary judgment record. Plaintiff Greg Murphy ("Murphy") filed a Motion for Leave to Amend or Correct the Shanter Norman Declaration (#75). Murphy also filed a Response to Defendants' Motion to Strike (#76). Having considered the pending motions, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Defendants' motion to strike should be denied, while Murphy's motion for leave to correct or amend the summary judgment evidence should be granted. Additionally, the court will reserve its ruling on Defendants' objections until such time as the motion for summary judgment is decided.

I.    <u>Background</u>

On March 31, 2022, Murphy filed his original complaint in the Eastern District of Texas alleging that Defendants violated his Substantive and Procedural Due Process rights under the

Fourteenth Amendment. Murphy amended his complaint three times, adding a claim for retaliation under the First Amendment and malicious prosecution under the Fourth Amendment. Defendants responded by denying the allegations set forth in Murphy's complaint and raising multiple affirmative defenses.

On April 1, 2024, Defendants moved for summary judgment on all of the claims contained in Murphy's Third Amended Complaint. Murphy responded to the motion for summary judgment and attached Norman's unsworn declaration in support of his response. Defendants jointly filed a motion to strike, and, in the alternative, a series of objections to Norman's unsworn declaration. Defendants contend that Norman's declaration should be struck on the grounds that it is facially invalid and violates the sham affidavit rule. Defendants also maintain that Norman's declaration is objectionable because it is conclusory, speculative, and lacks foundation. On June 20, 2024, Murphy filed a motion for leave to amend or correct Norman's unsworn declaration. Murphy also responded to Defendants' motion by arguing that Norman's declaration does not violate the sham affidavit rule and its contents are admissible to the extent required by Rule 56 of the Federal Rules of Civil Procedure.

II.    Analysis

Rule 56(c)(4) of the Federal Rules of Civil Procedure requires an affidavit or declaration offered in opposition to a motion for summary judgment to be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated. FED. R. CIV. P. 56(c)(4). An affidavit or declaration that fails to comply with the requirements of Rule 56(c)(4) is subject to a motion to strike. *Reeves v. Wells Fargo Home Mortg.*, 544 F. App'x 564, 569 (5th Cir. 2013) (citing *Auto Drive-Away Co. of Hialeah v.*

2

*Interstate Com. Comm'n*, 360 F.2d 446, 448-49 (5th Cir. 1966)); *see Sanders v. Christwood*, 970 F.3d 558, 561 n.6 (5th Cir. 2020). In the absence of a motion to strike or other objection, formal defects in a declaration are ordinarily waived. *Reeves*, 544 F. App'x at 569.

Here, Defendants contend that Norman's unsworn declaration fails to comply with Rule 56(c)(4), and, consequently, should be struck for two reasons. First, Defendants assert that Norman's declaration fails to comply with the statutory requirements of 28 U.S.C. § 1746, thereby rendering the declaration an inadequate substitute for an affidavit under Rule 56. Second, Defendants aver that Norman's declaration violates the sham affidavit doctrine. Alternatively, Defendants object to the court's reliance on the declaration for purposes of resolving the pending motion for summary judgment on the grounds that it is conclusory, speculative, and lacks foundation.

  A. <u>Unsworn Declaration Under Penalty of Perjury</u>

Rule 56 of the Federal Rules of Civil Procedure allows a party to submit an affidavit as evidence either in support of, or in opposition to, a motion for summary judgment. FED. R. CIV. P. 56(c). "It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 F. App'x 306, 309 (5th Cir. 2011) (citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005)); *see Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (citing *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987)). Section 1746 of the United States Code, however, provides an exception to this general rule. *See* 28 U.S.C. § 1746. Section 1746 states that whenever any matter may be proven by affidavit, such matter may, alternatively, be proven via an unsworn

declaration that is made in writing and signed by the declarant as being "true under penalty of perjury." *Id.*; *see DIRECTV, Inc.*, 420 F.3d at 530-32. Accordingly, an unsworn declaration may be treated as an affidavit under Rule 56 if it contains a statement that the contents of the declaration are "true and correct under penalty of perjury" and the declaration otherwise complies with the requirements of Rule 56(c)(4). 28 U.S.C. § 1746; FED. R. CIV. P. 56; *DIRECTV, Inc.*, 420 F.3d at 530-32 (holding that an unsworn declaration under § 1746 may serve as a substitute for an affidavit under Rule 56). An unsworn declaration, however, that fails to indicate that the statement is both "true and correct" and given under "penalty of perjury" cannot serve as an affidavit, and is subject to a motion to strike. *Reeves*, 544 F. App'x at 569.

Norman's initial declaration does not state that its contents are true and correct under penalty of perjury. After discovering the defective nature of Norman's declaration, Murphy filed a motion for leave to amend or correct the declaration. The court has discretion, but is not obligated, to allow a party to cure defects in summary judgment evidence. *Highland Cap. Mgmt. L.P. v. Bank of Am., Nat. Ass'n*, No. 3:10-CV-1632-L, 2013 WL 4502789, at *6 (N.D. Tex. Aug. 23, 2013), *aff'd sub nom. Highland Cap. Mgmt., L.P. v. Bank of Am., N.A.*, 574 F. App'x 486 (5th Cir. 2014); *see Arizpe v. Principal Life Ins. Co.*, 398 F. Supp. 3d 27, 52 (N.D. Tex. 2019). In determining whether to grant leave, courts have considered factors similar to those implicated when a party requests leave to amend a pleading. *See Cardenas v. Fiesta Mart, LLC*, No. 3:22-cv-2607-K-BN, 2024 WL 967849, at *1 (N.D. Tex. Mar. 5, 2024); *see also Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982) (stating that a district court, in exercising its discretion over whether to grant leave to amend a pleading, may consider whether granting such leave will cause undue prejudice or delay). Specifically, courts

have considered whether granting leave would unduly prejudice the opposing party, disrupt the court's docket, or be futile in nature. *Cardenas*, 2024 WL 967849, at *1; *Highland Cap. Mgmt. L.P.*, 2013 WL 4502789, at *9.

Here, granting Murphy's motion for leave to amend or correct Norman's declaration would not unduly prejudice Defendants. As stated above, Murphy requests leave to file an amended declaration in accordance with the requirements of § 1746, which motion was filed thirteen days after the motion to strike was filed. Moreover, Murphy attached the amended declaration to his motion. As demonstrated by the proposed amended declaration, Murphy does not seek to change the substance of the declaration. Rather, the only changes Murphy seeks to effectuate are those necessary to bring the declaration into compliance with § 1746. Thus, granting Murphy leave to amend would not unfairly surprise or unduly prejudice Defendants. Also, granting Murphy's request would not disrupt the court's docket, as Murphy has already submitted the amended declaration to the court for consideration. Therefore, the first two factors support granting Murphy's motion.

The question of futility, however, raises a unique concern in the present case. In Defendants' motion to strike, Defendants make a secondary argument that Norman's declaration should be struck on the grounds that it violates the sham affidavit doctrine. If meritorious, Defendants' argument would render Murphy's request for leave to amend futile because it would relegate the substance of Norman's declaration in its entirety to the status of incompetent evidence for purposes of summary judgment.

5

B.     Sham Affidavit Doctrine

Under the sham affidavit doctrine, a party may not defeat a motion for summary judgment by using an affidavit that impeaches, without explanation, an individual's prior sworn testimony. *Johnson v. Bd. of Supervisors of La. State Univ.*, 90 F.4th 449, 458 (5th Cir. 2024) (citing *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 477 (5th Cir. 2022)); *Hacienda Recs, L.P. v. Ramos*, 718 F. App'x 223, 235 (5th Cir. 2018); *see Scott v. Harris*, 550 U.S. 372, 380 (2007). The doctrine bars the nonmoving party from manufacturing a genuine dispute of material fact solely for purposes of defeating a motion for summary judgment. *Seigler*, 30 F.4th at 477; *Free v. Wal-Mart La., L.L.C.*, 815 F. App'x 765, 765 (5th Cir. 2020). Nevertheless, not every discrepancy in an affidavit or an unsworn declaration justifies application of the doctrine. *Johnson*, 90 F.4th at 458; *Seigler*, 30 F.4th at 477; *Winzer v. Kaufman County*, 916 F.3d 464, 472 (5th Cir. 2019). "The 'bar for applying the doctrine . . . is a high one . . . .'" *Johnson*, 90 F.4th at 458 (quoting *Seigler*, 30 F.4th at 477); *Winzer*, 916 F.3d at 472; *see Aqrawi v. Am. Mod. Prop. & Cas. Co.*, 555 F. Supp. 3d 467, 473 (S.D. Tex. 2021) (noting that the sham affidavit doctrine is to be applied sparingly); *Cruz v. R2Sonic, LLC*, 405 F. Supp. 3d 676, 684 (W.D. Tex. 2019). Specifically, application of the sham affidavit doctrine requires the declaration and the prior testimony to be "inherently inconsistent." *Johnson*, 90 F.4th at 458; *Seigler*, 30 F.4th at 477; *Winzer*, 916 F.3d at 472. The doctrine does not apply when the declaration merely supplements, rather than contradicts the prior testimony. *Seigler*, 30 F.4th at 477; *Durant v. Brooks*, 826 F. App'x 331, 336 (5th Cir. 2020) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996)).

As applied to the present case, Norman's declaration appears to supplement, rather than contradict, his prior sworn statement. On February 9, 2022, Norman signed an "Affidavit for Arrest Warrant" that set forth facts supporting Norman's belief that there existed probable cause for Murphy's arrest. In the warrant affidavit, Norman relays statements that were made to him by third parties who were present at the time of the alleged incident. Norman's declaration, in contrast, conveys his own personal observations upon meeting Murphy at the maintenance building well after the incident occurred. Furthermore, the warrant affidavit states that after Murphy was called to the maintenance building, he was advised of the allegations against him, handcuffed, and searched incident to arrest. The warrant affidavit also states that Murphy was placed in Norman's patrol car without incident. Notably absent from the warrant affidavit is a description of Norman's personal perception of Murphy's conduct. The affidavit instead focuses on Norman's conduct towards Murphy. Consequently, Norman's declaration does not contradict his prior account. Rather, the declaration simply provides additional details, including the observation that Murphy seemed calm at the time of the arrest, that Murphy did not make any threats in Norman's presence, and, that, while arguably hearsay, Murphy told Norman that he had been talking about the Civil Rights Movement.

Additionally, Defendants assert that the fraudulent or "sham" nature of Norman's declaration is further evidenced by the fact that Norman executed the declaration after he instituted his own action against BISD. Defendants' proposition, however, confuses the role of the court at the summary judgment stage. Here, Defendants raise an issue regarding the credibility of Norman's declaration. The jury, however, is the appropriate mechanism for resolving questions of credibility. *Seigler*, 30 F.4th at 477 (holding that a district court should not reject an affidavit

7

that is merely contradictory under the sham affidavit doctrine in light of the jury's role in resolving questions of credibility); *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 167 (5th Cir. 2018). Consequently, courts are not permitted to weigh the credibility of the evidence. *Byrd v. Harrell*, 48 F.4th 343, 349 n.1 (2022) (Graves, J. concurring) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)); *Davenport*, 891 F.3d at 167. Courts, instead, are limited to the determination of whether there exists a genuine dispute of material fact for trial. *Davenport*, 891 F.3d at 167. Accordingly, it is not the role of the court to determine whether Norman's declaration ought to be believed. Rather, the court must decide whether the declaration supports the existence of a genuine dispute of material fact for resolution by the jury. Therefore, Defendants' argument regarding the credibility of Norman's affidavit must fail.

Based on the foregoing analysis, Norman's declaration does not violate the sham affidavit doctrine. Consequently, providing Murphy with leave to correct Norman's declaration would not be futile. By making the declaration under penalty of perjury and verifying that its contents are true and correct, Norman's declaration may constitute, at least in part, competent summary judgment evidence that can be considered in deciding Defendants' motion for summary judgment. Accordingly, Defendants' motion to strike Norman's declaration is denied, and Murphy's motion for leave to correct the declaration is granted.

### C. Defendants' Objections

Alternatively, Defendants object to Norman's declaration on the grounds that the statements contained within are conclusory, speculative, and lack foundation. A party may object to materials offered as summary judgment evidence when the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. FED. R. CIV. P.

56(c)(2); *Klocke v. Watson*, No. 20-10103, 2021 WL 5871884, at *15 (5th Cir. Dec. 10, 2021); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). If the objections are sustained, the court disregards only those portions of the declaration that contain objectionable material while considering the content that remains. *Garza-Flores v. Mayorkas*, 38 F.4th 440, 445 (5th Cir. 2022) (citing *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 531 (5th Cir. 1992)). Additionally, objections should be considered by the court in evaluating whether the nonmovant has produced legally sufficient evidence for purposes of summary judgment. *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (noting that, to survive a motion for summary judgment, the non movant must produce sufficient evidence to support a verdict in the nonmovant's favor); *see Favela v. Collier*, 91 F.4th 1210, 1213 (5th Cir. 2024); *Cardenas*, 2024 WL 967849, at *1.

Here, Defendants object to the fifth and sixth paragraphs of Norman's declaration. Because the objections affect the sufficiency of Murphy's evidence for purposes of summary judgment, the court finds that it would be more appropriate to address Defendants' objections when ruling on Defendants' motion for summary judgment. Additionally, a decision to sustain the objections would not impact this court's decision to grant Murphy's motion for leave to file an amended declaration, as the objections impact only the court's consideration of the fifth and sixth paragraphs. Accordingly, the court reserves its consideration of Defendants' objections until such time as the motion for summary judgment is being determined by the court.

III. Conclusion

An evaluation of the summary judgment record and the controlling law reveals that any facial invalidity in Norman's initial declaration can be cured by filing an amended declaration. Consequently, Defendants' Motion to Strike (#71) is DENIED, and Plaintiff's Motion for Leave

to Amend or Correct the Shanter Norman Declaration (#75) is GRANTED. The court reserves its ruling on Defendants' Objections to the Shanter Norman Declaration (#71) until such time as the motion for summary judgment is decided.

SIGNED at Beaumont, Texas, this 26th day of August, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE